THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 South Carolina
 Department of Social Services, Respondent,
 
 
 
 
 

v.

 
 
 
 Sherry H.,
 James H., Curtis Ga., and Charles H., Defendants,
 
 
 Of whom, Sherry
 H. is Appellant.
 
 
 In the interest of one minor child under
 the age of 18.
 
 
 

Appeal From Union County
Robert E. Guess, Family Court Judge

Unpublished Opinion No. 2011-UP-050
 Submitted February 1, 2011  Filed
February 4, 2011    

AFFIRMED

 
 
 
 Kenneth Philip Shabel, of Spartanburg, for
 Appellant.
 David E. Simpson, of York, Oshun Cyrus
 Hinton, of Rock Hill, for Respondent.
 James Hayes Walsh and Laura Anne Filler, both
 of Spartanburg, for Guardian ad Litem.
 
 
 

PER CURIAM:  Sherry
 H. (Mother) appeals from the family court's final order terminating her
 parental rights to her minor child (Child), arguing the family court erred in
 finding termination of parental rights (TPR) was in the best interest of
 Child.  The family court cited three statutory grounds for termination: (1)
 failure to remedy condition that caused removal, (2) Mother has a diagnosable
 condition unlikely to change in a reasonable time, and (3) Child has been in
 foster care for fifteen of the last twenty-two months.  We affirm.[1]
Mother contends the family
 court erred in terminating her parental rights because DSS failed to prove by
 clear and convincing evidence that TPR was in the best interest of Child. 
 Specifically, Mother contends TPR was one of several options that could provide
 stability for Child and that it is too severe a solution to the situation.  We
 disagree.
The grounds for TPR must be
 proven by clear and convincing evidence.  S.C. Dep't of Soc. Servs. v.
 Parker, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).  "Upon
 review, the appellate court may make its own finding from the record as to
 whether clear and convincing evidence supports the termination [of parental
 rights]."  S.C. Dep't of Soc. Servs. v. Headden, 354 S.C. 602, 609,
 582 S.E.2d 419, 423 (2003).  However, despite our broad scope of review, this
 court is not required to disregard the findings of "the family court, who
 saw and heard the witnesses, [and] was in a better position to evaluate their
 credibility and assign comparative weight to their testimony."  Id.  The family court may order
 TPR upon finding one or more of eleven statutory grounds is met and TPR is in
 the child's best interests.  S.C.
 Code Ann. § 63-7-2570 (2010).  The best interests of the child are the
 paramount consideration.  S.C. Dep't of Soc. Servs. v. Smith, 343 S.C.
 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000).  "The
 interests of the child shall prevail if the child's interest and the parental
 rights conflict."  S.C. Code Ann. § 63-7-2620 (2010).
We hold the family court
 correctly found termination of Mother's parental rights was in Child's best
 interest.  Although Mother seems to be making progress in dealing with her
 psychiatric issues and expresses a strong desire to maintain the parent-child
 relationship, Child would be best served by the stability offered by TPR.  To
 date, Mother has had very little contact with Child, who has lived with his
 maternal aunt most of his life.  Furthermore, the record indicates Mother's
 ability to live independently and properly care for a child is limited and not
 likely to change in the foreseeable future. The need for stability and
 permanence in Child's life would be in his best interest.  These considerations
 and Child's guardian ad litem's opinion that TPR would best serve Child further
 convince us that it is in the best interest of Child to terminate Mother's
 parental rights.  
AFFIRMED.

WILLIAMS and
 KONDUROS, JJ., and CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.